**STATE OF VERMONT**

| | |
|---|---|
| **SUPERIOR COURT** | **ENVIRONMENTAL DIVISION** |

| | | |
|---|---|---|
| **SECRETARY, VERMONT** | } | |
| **AGENCY OF NATURAL RESOURCES,** | } | |
| **Plaintiff/Applicant** | } | |
| | } | **Docket No.  101-6-09 Vtec.** |
| **v.** | } | **Docket No.  102-6-09 Vtec.** |
| | } | |
| **KEN BACON AND KEN BACON, JR.** | } | |
| **d/b/a BACON TIMBER HARVESTING,** | } | |
| **Respondents/Defendants** | } | |
| | | |
| **SECRETARY, VERMONT** | } | |
| **AGENCY OF NATURAL RESOURCES,** | } | |
| **Plaintiff/Applicant** | } | |
| | } | **Docket No.  6-1-11 Vtec.** |
| **v.** | } | |
| | } | |
| **KEN BACON AND KEN BACON, JR.,** | } | |
| **Respondents/Defendants** | } | |

## THIRD CONTEMPT ORDER

Respondents Ken Bacon and Ken Bacon, Jr., both individually and doing business as Bacon Timber Harvesting (hereinafter collectively referred to as "the Bacons"), have suffered three independent judgments in actions brought against them by the Vermont Agency of Natural Resources ("ANR").  See ANR v. Bacon, d/b/a Bacon Timber Harvesting (Washington site), No. 101-6-09 Vtec, (Vt. Envtl. Ct. Apr. 19, 2010) (Durkin, J.); ANR v. Bacon, d/b/a Bacon Timber Harvesting (Hyde Park site), No. 102-6-09 Vtec, (Vt. Envtl. Ct. Apr. 19, 2010) (Durkin, J.); and ANR v. Ken Bacon & Ken Bacon, Jr. (Barton site), No. 101-6-09 Vtec, (Vt. Super. Ct. Envtl. Div. Jan. 28, 2011) (Wright, J.).

Those judgments were the subject of a Petition to Show Cause as to why Defendants should not be held in contempt, filed by ANR on November 6, 2012.  The Court scheduled the Show Cause hearing on December 5, 2012, at which time the parties advised the Court that they had entered into an agreement whereby Defendants agreed that they were in contempt of the prior Judgment Orders in each case.  The parties presented the Court with a Stipulated Agreement and

1

Order, which the Court accepted, signed and issued. See <u>ANR v. Bacon, et. al.</u>, Nos. 101-6-09 Vtec, 102-6-09 Vtec, and 6-1-11 Vtec (Vt. Super. Ct. Envtl. Div. Jan. 14, 2013) (Durkin, J.).

Defendants thereafter filed a motion to be relieved from the terms of the Stipulated Agreement and Order. The Court denied their motion. See <u>ANR v. Bacon, et. al.</u>, Nos. 101-6-09 Vtec, 102-6-09 Vtec, and 6-1-11 Vtec (Vt. Super. Ct. Envtl. Div. Sept. 15, 2015) (Durkin, J.).

When Defendants failed to abide by the prior Judgment Orders and Contempt Order, ANR served Defendants with certain post-judgment financial disclosure discovery requests. When Defendants failed to respond to such requests, and after ANR's efforts to resolve any discovery disputes had failed, ANR sought an order from this Court to compel Defendants' responses to ANR's discovery requests. The Court granted that request. See <u>ANR v. Bacon, et. al.</u>, Nos. 101-6-09 Vtec, 102-6-09 Vtec, and 6-1-11 Vtec (Vt. Super. Ct. Envtl. Div. Oct. 28, 2015) (Durkin, J.).

ANR then renewed its request that Defendants be held in contempt for their continued failure to comply with both the monetary and injunctive provisions of the January 14, 2013 Stipulated Agreement and Order. The Court, after hearings, granted ANR's request by issuing its second Contempt Order. See <u>ANR v. Bacon, et. al.</u>, Nos. 101-6-09 Vtec, 102-6-09 Vtec, and 6-1-11 Vtec (Vt. Super. Ct. Envtl. Div. July 28, 2016) (Durkin, J.).

ANR again requested that Defendants be directed to show cause as to why they should not be found in further contempt. The Court held its Show Cause hearing on November 14, 2016. After affording all parties to present their testimony and other evidence, the Court took a brief recess to deliberate and conduct its legal research. Then, the Court reconvened the November 14th hearing to announce its findings of fact and conclusions of law on the record of the hearing. This Third Contempt Order is issued to provide a summary of the Court's findings, conclusions and order; the reader is directed to review the record of the November 14th hearing if they wish to review the Court's complete findings and conclusions.

Based upon the credible evidence presented, much of which Defendants did not dispute, the Court concludes that Defendants have continued to disregard and have failed to satisfy the Court's prior judgment orders of 2010 and 2011, and have failed to satisfy or address in any meaningful way this Court's July 28, 2016 Contempt Order. We therefore conclude that Defendants Ken Bacon and Ken Bacon, Jr. are in **CONTEMPT**.

2

Defendants provided credible testimony concerning their current inability to satisfy the monetary portions of the Court's prior orders in a meaningful way. However, we remind Defendants that they are under a continuing obligation to satisfy those orders, particularly in light of this Court's last Contempt Order of July 28, 2016. We therefore **ORDER** and **DIRECT** Defendants to do the following:

1. By May 10, 2017 (if they have not done so already), Defendants shall pay over to ANR the sum of $800.00, which shall be applied solely to ANR's additional expenses in being caused to bring this most recent request concerning Defendants' continuing contempt.

2. At the November 14th hearing, the Court explained to Defendants that it was exercising its discretionary authority to impose civil contempt sanctions only, even though the Court believes that Defendants' multiple and continuing ignorance of their obligations to satisfy the Court's various orders are sufficient to justify the Court imposing criminal contempt sanctions upon them. The Court gave notice to each Defendant that if in the future he was found by this Court to be in further contempt of these orders, that the Court may impose **criminal contempt sanctions** upon one or both of them, and that such sanctions could include incarceration.

3. Defendants shall timely file their federal and state tax returns for calendar year 2016, and shall disclose all such tax returns to ANR no later than **April 17, 2017**.

4. By May 10, 2017 (if they have not done so already), Defendants shall provide a written itemization to ANR of all of their personal and business assets, with a specific description of each asset, any serial or identification numbers, and estimates of each asset's current value.

5. Cease all logging business activity, until further order of this Court, in their personal or any business names. This term shall not prohibit Defendants from working for other logging business operators, provided such businesses are not subject to an administrative order or other enforcement directive issued by ANR; Defendants shall provide prior notification to ANR of the logging business operator that they may be employed by and ANR shall confirm for Defendants whether such entities are subject to any enforcement actions.

6. All other terms of this Court's second Contempt Order, issued on July 28, 2016, as well as the underlying judgment orders, **including all monetary and injunctive awards**, shall remain in full force and effect.

Upon request by ANR, and after April 17, 2017, this matter may be set for a further hearing to determine Defendants' compliance efforts and to consider such further requested relief.

**SO ORDERED**

Electronically signed on April 10, 2017 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division